```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRAVIA CAPITAL PARTNERS INC.,       :
                                    :
                    Plaintiff,      :
                                    :       No. 09 Civ. 6375 (JFK)
    -against-                       :
                                    :       MEMORANDUM OPINION & ORDER
MARYANNE FIKE,                      :
                                    :
                    Defendant.      :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 15, 2011

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion by Plaintiff Bravia Capital Partners, Inc. ("Bravia" or "Plaintiff") for reconsideration of the Court's October 5, 2011 Opinion and Order denying Plaintiff's motion for summary judgment. Specifically, Bravia requests that the Court reconsider its decision to deny dismissal of Defendant Maryanne Fike's ("Fike" or "Defendant") second counterclaim. For the reasons stated below, the motion for reconsideration is denied.

## I. Background

Bravia is a New York corporation which provides financing and other services to the aviation industry. In an attempt to expand its business, on November 1, 2006, Bravia hired Fike, a New Jersey resident, as an independent contractor. Her official title was Director of Business Development, and her primary job function was "bringing in new clients (primarily commercial

airlines) that [Bravia] might look to offer [its] structured finance products or [its] private equity investments." (Compl., Ex. A). In January 2008, the parties modified their compensation schedule ("2008 Agreement").

Fike was terminated on February 27, 2009. In connection with the termination, Bravia issued a letter offering Fike a portion of the money earned in conjunction with a recent deal with All Nippon Airways ("ANA Deal").

The instant motion pertains to the ANA Deal, so a brief overview of the facts is instructive. In March 2008, MCAP Japan 01 Limited, a company owned by Mitsubishi Corporation, and All Nippon Airways ("ANA") reached an agreement regarding the sale and leaseback of three Boeing airplanes whereby BHK Partners I Limited ("BHK Partners"), a Cayman Islands company, would purchase the aircraft at the expiration of the leaseback period. The parties do not dispute these facts.

The parties' accounts diverge, however, regarding Fike's involvement in this transaction. Bravia alleges that ANA issued a request for proposal ("RFP") to several companies on October 19, 2007 and that it negotiated the deal on behalf of a longstanding client, HNA, the owner of BHK Partners. (Id. ¶¶ 13, 27 ("[Bravia] acted throughout the negotiations . . . as an agent for an undisclosed principal, namely, HNA.")). Accordingly, Bravia contends that the ANA Deal is categorized as

2

"in-house,' and, therefore, Fike is not entitled to a commission.

Fike disputes this account, asserting that her efforts resulted in Bravia's successful attainment of the ANA Deal. Fike points to emails showing that ANA sent her the RFP on Friday, October 19, 2007, after she met representatives from ANA at a conference in Vienna. Fike forwarded the RFP to Bharat Bhisé ("Bhisé"), CEO of Bravia, on Sunday, October 22, 2007. (Def. Exh. 5-7). Fike also disputes Bravia's contention that it was acting on behalf of HNA, an "undisclosed principal." Instead, Fike asserts, "Bravia was pursuing this transaction as a principal. . . . Companies in the aircraft business do not conceal the identity of the principals in a transaction." (Def.'s Rule 56.1 Statement ¶¶ 27, 29).

Fike alleges that Bravia acknowledged that Fike brought in the ANA Deal by citing an email she received from Bhisé, which stated that she would receive 9% of the $1.5 million in fees from the ANA Deal. (Pl.'s Cross Mot. for Summary Judgment at 9-10). Bhisé, however, asserted that the email was meant to motivate Fike –- to show her the amount in commissions she could receive if she were to bring in clients like ANA. (Bhisé Aff. ¶ 52).

3

**II. Discussion**

**A. Legal Standard**

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b). Reargument is appropriate only where the court has "overlooked controlling decisions or factual matters put before it on the underlying motion," In re New York Asbestos Litig., 847 F. Supp. 1086, 1141 (S.D.N.Y. 1994), and which, had they been considered, "might reasonably have altered the result reached by the court." Consolidated Gold Fields v. Anglo Am. Corp., 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989); see Morser v. AT & T Info. Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989). Rule 6.3 "precludes a party from advancing new facts, issues or arguments not previously presented to the court," Bank Leumi Trust Co. of N.Y. v. Istim, Inc., 902 F. Supp. 46, 48 (S.D.N.Y. 1995), and Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Anglo Am. Ins. Group v. Calfed Inc., XCF, 940 F. Supp. 554. 557 (S.D.N.Y. 1996). The purpose of Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Additionally, a Rule 6.3 motion "is not a motion to reargue

4

those issues already considered when a party does not like the way the original motion was resolved." In re Houbigat, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

### B. Application

Plaintiff moves for reconsideration on two grounds: the Court overlooked that (1) the 2008 Agreement did not contemplate the specific arrangement of the ANA Deal; and (2) the Bhisé email did not give rise to an enforceable agreement.

### i. The 2008 Agreement

Plaintiff has failed to identify any fact or argument that the court overlooked. Instead, it erroneously states that "the parties agree that Fike did not bring in a client for the ANA-Mitsubishi transaction." Fike has not conceded this fact. Rather, Fike has raised an issue of material fact with respect to Bravia's assertion that its client in the ANA-Mitsubishi deal was an undisclosed principal, HNA. HNA's status as a client of Bravia does not preclude the conclusion that Bravia was also working on behalf of another client. Indeed, it is reasonable to infer that by drafting a proposal in response to a request from ANA, Bravia was working for ANA in a client-advisor relationship. As discussed in the October 5 Order, it is also reasonable to conclude that Fike obtained the RFP for the representation of ANA, entitling her to a commission.

Plaintiff also suggests that the Bhisé email references a commission amount that is inconsistent with the compensation structure in the 2008 Agreement, and, as a result, is not evidence that the ANA Deal was the result of Fike's efforts. This inference was also addressed in the October 5 Order. As Bravia did not offer an alternative explanation for the numbers in the email, i.e., under what scheme Bhisé made his calculations, the Bhisé email may still be construed in many ways. That Bhisé may have miscalculated the percentages of fees due to Fike does not unequivocally demonstrate that he believed she was not owed a commission. Therefore, several facts remain in dispute surrounding both Fike's involvement in the ANA Deal and which party was Bravia's client.

### ii. Bhisé's Email

Next, Plaintiff avers that the only basis for awarding Fike a commission is the Bhisé email, which does not give rise to an enforceable obligation. Plaintiff states that the Court did not address its argument that the email is not legally enforceable. The Court did recognize this argument, agreeing that a promise from an employer does not contravene an employment agreement. However, the Court also noted that the email raises an issue of fact as to how Bhisé perceived Fike's role in the ANA Deal: "the email may demonstrate that Bhisé did believe that Fike deserved the commissions resulting from the ANA Deal." Bravia

6

Capital Partners, Inc. v. Fike, No. 09 Civ. 6375, 2011 WL 4632891, at *5 (S.D.N.Y. Oct. 5, 2011). As Plaintiff has not identified any fact the Court overlooked, there is no basis for reconsideration.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

Dated:  New York, New York
        November 15, 2011

_____
JOHN F. KEENAN
United States District Judge